# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JERRY MULLINS,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0032**   (BOR Appeal No. 2046002)
(Claim No. 2010124316)

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry Mullins, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Company, LLC, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 14, 2011, in which the Board modified a May 26, 2011, Order of the Workers' Compensation Office of Judges to include disorder of bursae and tendons in the shoulder as compensable. In its Order, the Office of Judges affirmed the claims administrator's December 16, 2010, decision granting the claim as compensable for a chest wall contusion and a rotator cuff strain and denying compensability for cervical spondylosis and brachial neuritis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mullins alleged that he suffered an injury to his right rib, chest wall, shoulder, and neck when working as a shuttle car operator for Pinnacle Mining Company, LLC. He was using a slate bar to remove a piece of coal that stuck on the belt line tail piece when he fell head first, landing on his right shoulder and head. The claim was initially held compensable for right shoulder sprain and right chest contusion. Dr. Chand treated Mr. Mullins from February 18, 2010, until September 5, 2010, and concluded that his neck sprain was a result of the work-related injury. On September 16, 2010, Dr. Mukkamala performed an independent medical

1

evaluation and concluded that the neck pain was a result of underlying degenerative changes and not causally related to the work-related injury.

The Office of Judges affirmed the claims administrator's decision and held that the preponderance of evidence established that Mr. Mullins's cervical conditions and his radiculopathy preexisted his work-related injury, did not establish that he is suffering from a disorder of bursae and tendons in his shoulder, and did establish that he had a right rib fracture and a rotator cuff strain as a result of the work-related injury. Mr. Mullins disagrees and asserts that Dr. Chand knew of the preexisting neck conditions and considered them when determining his current symptoms were caused by the work-related injury, and that Dr. Mukkamala's report did not truly consider these diagnoses because the report was completed before Dr. Chand made the request for additional diagnoses. Pinnacle Mining Company, LLC maintains that the preponderance of the evidence established that Mr. Mullins's neck condition was not the result of a work-related injury but caused by a preexisting cervical spine condition.

The Office of Judges determined Dr. Chand's findings were not persuasive in establishing a causal connection of the neck condition and the work-related injury. In fact, Dr. Chand testified that he only received Mr. Mullins's medical history from him, and that he stated he had no prior neck injury. The Office of Judges relied on Dr. Mukkamala's findings that the cervical condition and radiculopathy were preexisting, and also found that records from Princeton Community Hospital support the conclusion that Mr. Mullins had a medical history of severe neck pain. Therefore, Dr. Chand's conclusions are not accurate. The Board of Review affirmed the Office of Judges' Order in part by holding the claim compensable for a chest wall contusion and rotator cuff strain and denying spondylosis and brachial neuritis and modified in part by adding the disorder of the bursae and tendons in the shoulder as compensable. We agree with the reasoning and conclusion of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum